UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,   Criminal No. 12-185(3) ADM/FLN

          Plaintiff,

                                                O R D E R
v.

ERIC MICHELLE HUNTER,

          Defendant.

This matter came before the Court on November 20, 2012, for a status conference to determine the defendant's intent as to defense representation, and to determine whether the trial date should be continued to grant the defendant additional time to prepare for trial should he proceed pro se. The Court conducted a hearing pursuant to *Faretta v. California*, 422 U.S. 806, 818–821 (1975), to determine whether the defendant fully and completely understood his rights to proceed *pro se* in this case. The defendant requested that he be permitted to represent himself and for a continuance of the trial date to allow him to adequately prepare his defense.

The Court finds that the defendant has voluntarily, knowingly, and intelligently waived his right to be represented by counsel. There is no evidence before the Court to suggest that the defendant suffers from any mental illness that would prevent him from representing himself. He appears to know and understand the dangers and disadvantages or representing himself. His behavior, demeanor, and his stated lack of any prior psychiatric history demonstrate that he understands the nature of the proceedings. Further, he understands that, by representing himself, he is giving up his right to consult

with counsel, to have counsel assist him in preparing a defense, to have the assistance of counsel at trial, and to have the assistance of counsel in all other matters pertaining to these proceedings. The defendant appears to have full knowledge of the consequences of representing himself.

The Court further finds that the ends of justice would be served by granting a continuance of the trial date. Granting such a continuance would outweigh the best interests of the public and the defendant in a speedy trial. Specifically, the Court finds that the defendant needs several months to prepare for trial, given that he is not learned in the law, must defend against extremely serious charges, and wishes to file several pretrial motions. To not grant the defendant a continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1. The defendant is granted leave to represent himself in these proceedings.

2. Thomas C. Plunkett, Esq., is appointed standby counsel to assist the defendant. Should the defendant so chose, Mr. Plunkett shall assist the defendant in the preparation of his defense, the preparation of pretrial motions, the conduct of the trial, and in all other matters pertaining to these proceedings.

3. The defendant's motion for a continuance of the trial date is granted. The case is scheduled for trial on February 19, 2013, at 9:30 a.m., in Courtroom 13W, Minneapolis, before Judge Ann D. Montgomery. The time from the date of the defendant's motion for a continuance (November 20, 2012) until the commencement of the trial (February 19, 2013) shall be excluded from the calculation of the days within

which trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A).

Dated: November 26, 2012

at Minneapolis, Minnesota

                                            s/Ann D. Montgomery

                                            _____
                                            JUDGE ANN D. MONTGOMERY
                                            United States District Judge